UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN NARRA, et al.,<br><br>Petitioners,<br><br>v.<br><br>SKYHOP TECHNOLOGIES, INC., et al.,<br><br>Respondents. | Case No. 23-cv-01587-PCP<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

Petitioners were awarded $1,073,899 in a contract dispute arbitration. They petitioned this Court to confirm the award pursuant to the Federal Arbitration Act. Respondents paid the award in full three days later. They then moved to dismiss the petition to confirm the award as moot. For the reasons that follow, the petition is not moot because Petitioners still have a concrete interest in confirmation. The motion to dismiss is therefore denied.

I.  **Background**

The parties' dispute arose out of an agreement by petitioner Indyzen, Inc. to develop software for respondent Skyhop Technologies, Inc., an airline crew transportation company. Petitioner Praveen Narra is the CEO of Indyzen and respondent Kristine Scotto is the CEO of Skyhop. According to Mr. Narra, Indyzen agreed to develop software for Skyhop at a discount in exchange for a 32% equity stake in the business. After Skyhop allegedly reneged, Petitioners filed a demand for arbitration in March 2021. Respondents challenged the arbitrator's jurisdiction and Petitioners filed a petition to compel arbitration in response, which the Court granted. *Indyzen, Inc. v. Skyhop Global, LLC*, No. 21-cv-09141-VC (N.D. Cal. Jul. 13, 2022).

On March 6, 2023, the arbitrator concluded that the parties had formed a binding agreement and awarded Petitioners the fair market value of a 32% stake in Skyhop: $1,073,899.

Case 5:23-cv-01587-PCP   Document 45   Filed 11/22/23   Page 2 of 5

On April 3, 2023, Petitioners asked this Court to confirm the award. Three days later, Ms. Scotto wired $1,073,899 to Petitioners (via their counsel). On June 19, 2023, Respondents moved to dismiss the petition, arguing that the petition failed to establish federal jurisdiction and was moot because the award had been paid. Petitioners amended their petition to address the jurisdictional issues and Respondents again moved to dismiss, this time arguing solely that the case is moot.

## II. Legal Standards

### A. The Federal Arbitration Act

The Federal Arbitration Act directs that within a year of an arbitration award, any party can apply to the District Court with jurisdiction (or another court if specified) "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected" as separately provided. 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

### B. Mootness

Article III authorizes federal courts to decide only cases or controversies where parties have a personal stake. At the outset of litigation, plaintiffs must establish that they have standing by showing: (1) that they "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendant"; and (3) "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

The "controversy must exist … through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (cleaned up). "A case becomes moot … when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *id.* at 91—in other words, if the "court finds that it can no longer provide a plaintiff with any effectual relief," *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). But "[a]s long as the parties have a concrete interest, however small, in the outcome …, the case is not moot." *Knox v. SEIU Loc. 1000*, 567 U.S. 298, 307–08 (2012). Plaintiffs must show standing at the start, but once a case is underway the burden flips to the party asserting mootness to "establish[] that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006).

2

**III.     This Case Is Not Moot.**

Petitioners ask the Court to confirm an arbitration award which has not been vacated, modified, or corrected. The text of the FAA is clear in such situations: The Court "must grant" this request and confirm the award. 9 U.S.C. § 9. Respondents contend that this Court lacks the constitutional power to do so notwithstanding Congress's clear command to the contrary. The question—open in the Ninth Circuit—is whether Skyhop's payment of the arbitrator's award after the confirmation petition was filed has mooted this case such that the Court cannot constitutionally comply with the FAA's confirmation requirement.

At the outset of this lawsuit, Petitioners clearly had standing to seek confirmation because the award had not yet been paid.[1] Accordingly, whether their petition has since become moot turns on remedy and redress. A case is not moot if the parties maintain a "concrete interest, however small" in its outcome, *Knox*, 567 U.S. at 307, or, put another way, if the Court can offer "any effectual relief," *Uzuegbunam*, 141 S. Ct. at 796. Even on its own, the declaratory value of adding a federal court's imprimatur to the decision of a private arbitrator via confirmation—a form of relief Congress has made available to parties who agree to arbitrate—might be enough to keep this case alive. But Petitioners have identified another interest that comes with confirmation: preclusion. Under 9 U.S.C. § 13, a judgment confirming an arbitration award has "the same force and effect" as a final judgment on the merits—"including the same preclusive effect." *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019). But the same is not necessarily true for arbitration awards that are *not* confirmed by a court. At least one Circuit has held that federal

---

[1] Because the award had not been paid when this petition was filed, the Court need not consider whether a party who has established standing with respect to an underlying arbitrated controversy needs to establish standing anew to petition for confirmation, and if so, whether having a fully paid but unconfirmed award would be an injury sufficient to establish standing for confirmation. Respondents contend that Petitioners' standing should be measured from the filing of their amended complaint because the original complaint failed to clearly allege the basis for this Court's jurisdiction. Standing, however, is measured from the time when a cause of action is filed, not from the time when a party corrects any defects in its initial pleading of that cause. *See Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events."); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [plaintiff] had Article III standing at the outset of the litigation."); Fed. R. Civ. P. 3.

courts are not required to give res judicata or collateral estoppel effect to unconfirmed and otherwise unreviewed arbitration awards. *See W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014). And in any case, the law on preclusion "is underdeveloped and murky" when the res judicata question "involves an unreviewed arbitration award." *Id.*; *see also* 18B Wright & Miller, *Fed. Prac. & Proc.* § 4475.1 ("The source of the law that governs the preclusion consequences of an arbitration award has not been much developed.").

Here, the burden is on Respondents to show that "there is no effective relief that the court can provide." *Forest Guardians*, 450 F.3d at 461. To meet that burden, they must definitively establish that there will be no difference in the preclusive effect of Petitioners' award if this Court confirms it. In support of that proposition, Respondents cite state court cases from both California (where the arbitration took place) and Florida (where the parties are engaged in parallel litigation in federal court). But those cases do not convincingly establish that the preclusive effect of an unconfirmed arbitration award is *always* the same as that of a confirmed award. In the California case, for example, the Court of Appeal did not actually conclude that an unconfirmed arbitration award was always the equivalent of a final judgment, as Respondents' brief suggests. *See Thibodeau v. Crum*, 4 Cal. App. 4th 749, 759 (1992). Instead, the Court of Appeal noted that several other courts had in individual cases determined that the specific unconfirmed arbitration awards at issue should be given the same preclusive effect as confirmed awards. *Id.* The ultimate holding was that "under the particular circumstances of *this* case, the unconfirmed … award should have a res judicata effect." *Id.* at 761 (emphasis added). Furthermore, that Respondents also cited Florida cases highlights a broader flaw in their argument: They cannot even predict with certainty which state's preclusion law will apply to this arbitration award if it is not confirmed.

By contrast, if this Court confirms the award, it will have the same preclusive effect as if the Court had reached final judgment on the merits. *See NTCH-WA*, 921 F.3d at 1180. That effect will be specified by statute and guaranteed by the Supremacy Clause. Petitioners' interest both in the substance of this preclusion, as well as in knowing with certainty what the res judicata and collateral estoppel effects of their award will be, are sufficient and concrete enough to keep this case alive notwithstanding Skyhop's payment of the amount awarded by the arbitrator.

IV. **Conclusion**

Because this petition is not moot, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: November 22, 2023

_____
P. Casey Pitts
United States District Judge